582

Hosia WHITE, Appellant,

v.

STATE of Texas, Appellee.

No. 30439.

Court of Criminal Appeals of Texas.

Feb. 11, 1959.

R. E. Murphey, Coleman, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Upon a plea of guilty before the court without a jury, appellant was convicted of unlawfully selling whiskey in a dry area and his punishment assessed at 60 days in jail and a fine of $200.

By motion for new trial appellant claims that he entered the plea of guilty because of certain promises and threats made to him by an agent of the State Liquor Control Board. In the motion appellant alleged that the agent led him to believe that he was a Federal officer and promised him that if he would plead guilty he would receive as punishment a minimum fine of $100 and also threatened to take him to Abilene, Texas and file charges against him in Federal Court unless he entered the plea of guilty.

The motion was not sworn to or supported by the affidavit of appellant or any other person.

The unverified motion was insufficient as a pleading and the court's action in overruling the same cannot be assigned as error. Williams v. State, 164 Tex.Cr.R. 137, 296 S.W.2d 781; Dillon v. State, Tex. Cr.App., 305 S.W.2d 956, and Hunt v. State, Tex.Cr.App., 317 S.W.2d 743.

The judgment is affirmed.

Opinion approved by the Court.

Hosia WHITE, Appellant,

v.

STATE of Texas, Appellee.

No. 30440.

Court of Criminal Appeals of Texas.

Feb. 11, 1959.

R. E. Murphey, Coleman, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted of unlawfully selling whiskey in a dry area upon his

plea of guilty before the court without a jury and assessed punishment at 60 days in jail and a fine of $200.

The question presented on this appeal is the same as was decided adversely to the appellant in White v. State of Texas, Tex.Cr.App., 321 S.W.2d 582, this day decided.

The judgment is affirmed.

Opinion approved by the Court.